IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDRICK T. GOLDEN                                                  PETITIONER

v.                                                     No. 3:07CV126-M-A

CHRISTOPHER EPPS, ET AL.                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Fredrick Golden for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed.

**Facts and Procedural Posture**

Fredrick Golden pled guilty on February 28, 1995, to grand larceny in Attala County, Mississippi, and was sentenced to five years in the custody of the Mississippi Department of Corrections, with three years suspended. On June 11, 1997, Golden was convicted of arson and burglary in the Circuit Court of Montgomery County, Mississippi. He was sentenced to serve concurrent sentences of ten years for arson and seven years for burglary in the custody of the Mississippi Department of Corrections (MDOC). Golden escaped from custody on that same day, June 11, 1997, but was captured and returned to MDOC custody on July 11, 1997. At the time of his escape, Golden had accrued one year and one hundred eighty-three days toward an earned release supervision eligibility date. On August 20, 1997, Golden was convicted in the Circuit Court of Grenada County, Mississippi, of escape, and he was sentenced as a habitual

offender to serve five years in the custody of the MDOC. His conviction and sentence were affirmed by the Mississippi Court of Appeals on February 23, 1999. *Golden v. State*, 736 So.2d 1076 (Miss. App. 1999) (No. 97-KA-01134-COA). Golden is currently serving a total term of fifteen years, the last five years on a mandatory habitual sentence.

Golden is not challenging his convictions or sentences; rather, he claims the Mississippi Department of Corrections deprived him of over one year of earned time without first giving him proper notice. On March 11, 2002, Golden filed an application to proceed in the trial court of Montgomery County with a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court, challenging his conviction for escape. His application was denied on April 4, 2002, by the Mississippi Supreme Court. (Cause No. 2002-M-00368). On March 14, 2005, Golden filed an application to proceed in the trial court of Grenada County with a motion for PCR with the Mississippi Supreme Court, challenging his conviction for escape. His application was dismissed by the Mississippi Supreme Court as procedurally barred. (Cause No. 2005-M-00511), rehearing denied on May 19, 2005. The United States Supreme Court denied his petition for writ of *certiorari* on October 31, 2005. On January 31, 2006, Golden filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Sunflower County, challenging the loss of earned time credits; the petition was dismissed. The dismissal was affirmed by the Mississippi Court of Appeals on June 5, 2007. *Golden v. Epps*, 958 So.2d 271 (Miss. App. 2007), *reh'g. denied* July 5, 2007 (Cause No. 2006-KA-652-COA). Golden's petition for *certiorari* to the Mississippi Supreme Court was denied on October 23, 2007, as untimely filed.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The court will use May 18, 2004 – the date on which petitioner filed the grievance challenging the taking of his earned time – as the latest possible start date for calculating the federal *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(1)(D). Golden completed the grievance process on August 11, 2004. The one-year time limit is tolled for the pendency of the grievance process, which was eighty-five days. As such, the deadline for filing a federal petition for writ of habeas corpus challenging the occurrence of lost earned time was August 11,

2005. (May 18, 2004 + 1 year + 85 days). The petitioner's three state motions for post-conviction relief were all filed after the federal *habeas corpus* deadline expired; as such, they did not toll the statute. Thus, the final deadline for seeking federal *habeas corpus* relief was August 11, 2005.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 16, 2007, and the date it was received and stamped as "filed" in the district court on October 18, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 796 days after the August 11, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of August, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**