# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILLIAM GOLDEN, JR.**                                                                  **PETITIONER**

**v.**                                                       **No. 1:08CV111-M-D**

**RAYMOND BYRD, ET AL.**                                                 **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of William Golden, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Petitioner William Golden, Jr. is in the custody of the Mississippi Department of Corrections and is currently housed at the Delta Correctional Facility in Greenwood, Mississippi. Golden was convicted in the Circuit Court of Clay County, Mississippi, of two counts of rape and sentenced to serve consecutive terms of forty years on each count in the custody of the Mississippi Department of Corrections. State Court Record, Vol. 1, pp. 79-80.[1] Golden appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by appellate counsel):

> A. Whether the trial court committed reversible error in denying defendant's motion to sever?
>
> B. Whether the trial court committed reversible error in failing to swear the jury until after evidence had been introduced?

---

[1] Citations to the state court record will be referenced as S.C.R., follwed by the appropriate volume and page numbers.

C. Whether the trial court committed reversible error in failing to instruct the jury on its sole duty to fix the term of imprisonment upon conviction and in assuming the jury's duty to fix the penalty.

D. Whether the trial court committed reversible error in failing to *sua sponte* order a mistrial for ineffective assistance of counsel.[2]

> 1. While Golden's counsel did file a critical motion to sever the two counts, the record fails to disclose that he pursued it to an actual hearing. . . .
>
> 2. The jury was not sworn at the outset of the trial to a special oath. It is defense counsels duty to object to the failure to administer the oath to a jury and failure to do so may cause this important right to be waived.
>
> 3. A total of three hundred and sixty three days elapsed between the indictment and trial, yet not motion for speedy trial was filed.
>
> 4. Golden's trial counsel failed to give opening argument even though the jury was led to understand the argument would be made at "a later time."
>
> 5. Trial counsel made no objection or record on any possible *Batson* issue. Had no challenges for cause to the jury panel.
>
> 6. During the State's voir dire the prosecutor was explaining the charge of rape when she made the following statement, "in this particular case, it's forcible sexual intercourse. There isn't a consent issue." Consent is a key issue. By not objecting and requiring the jury be instructed that consent is the core issue in forcible rape, counsel for the defense conceded the use of force and that the victims did not consent.
>
> 7. Later in voir dire, the prosecutor told the jury panel that when a witness views an event themselves, then what they saw was "beyond any doubt." Again, defense counsel entered no objection, even though the effect of the apparently unintentional statement is

---

[2]The court has taken Golden's individual claims of ineffective assistance of trial counsel raised on direct appeal from Golden's arguments on appeal. The full text of the claims can be found in the Brief of Appellant in the state court record.

to vouch for the witnesses, that what they saw was beyond any doubt.

8. During cross examination of Jones, defense counsel implicitly concedes that the rape occurred when he prefaced a cross examination question with "back on December 30, when this happened . . . The entire cross-examination of Jones merely repeated and buttressed the State's direct examination.

9. Worse than repeating and buttressing the State's case, defense counsel elicited testimony that was prejudicial to his client . . . (R. 150-151). This exchange puts evidence in front of the jury that Golden was high on something other than alcohol. This is not a defense but evidence of another bad act and the reason for the rape.

10. Cross examination of the neighbor Marnita Lomax again just reinforced her prior testimony for the State.

11. One of the scant objections during the entire course of the trial was entered when responding officer attempted to relate what the victim told him. The prosecutor was allowed to continue without a ruling from the court, rendering the objection a nullity.

12. Officer Lampton was not cross examined.

13. The state called Joy Wafford, a treating nurse. However, defense counsel both allowed her to testify to hearsay that would appear to exceed the limits of the exception enumerated under M.R.E. 803(4).

14. Cross examination of Wofford again aided the prosecution and not the defense.

15. Deedra Hughes, a supervisor with the Mississippi Crime Lab, testified to receiving evidence and serological examination of the items. She described the testing and inventory done was being done by the lab or as "we" have done the various test. . . . Golden's critical right to confrontation was casually waived. It cannot be even said from this record that those who actually performed the test were qualified to do so. . . Here the State posed a leading question . . . There was no objection to the leading question nor the unqualified response.

16. The second named rape victim then testified. In her cross-examination, again not only did the defense affirm the State's case; but, once again, inflammatory and prejudicial evidence was brought out during an unrestrained narrative by the witness. . . . No attempt was made to stop this damaging, irrelevant, prejudicial and gratuitous testimony, nor did counsel ask the court for an instruction or mistrial.

17. No instruction was prepared concerning the defendants right to not testify. When the court inquired whether one had been prepared, counsel was obviously perplexed. As the defense, such as it was, was that the State failed to prove its case beyond a reasonable doubt, such an instruction should have been given to be used as part of the argument. It is clear from the record that Golden did not understand what he was giving up.

18. No defense was put on. The closing argument did not attempt to undermine a single element of the proofs. . . . Failure to dispute the facts in any way is a concession.

19. The State was allowed during the second portion of its closing argument to once again reinforce its case in chief as it had nothing to rebut.

20. During closing, comments was impliedly made, without objection, on the defendant's right to not testify.

21. No objection was made on the prosecutor's comments on Golden exercising his right to go to trial and be proved guilty . . . .

22. Trial counsel failed to make any effort at sentencing to put on evidence of mitigation, any basis for mercy or to function as defense counsel at all. As pointed out above, trial counsel allowed the court to step outside its statutory role and sentence Golden rather than the jury.

On September 20, 2007, the Mississippi Supreme Court affirmed Golden's convictions and sentences. *Golden v. State,* 968 So. 2d 378 (Miss. 2007) (Cause No. 2006-KA-00767-SCT), *reh'g denied*, November 29, 2007. Golden filed two separate petitions for writ of certiorari, which were both dismissed as not properly before the court on January 24, 2008, and February

28, 2008, respectively.

Golden, proceeding *pro se*, then filed a "Petition for Post-Conviction Collateral Relief"in the Mississippi Supreme Court, in which he raised the following claims for the court's consideration (as stated by petitioner in his "Statement of Issues"):

> A. Whether the trial court committed reversible error in denying defendant's Motion to Sever?
>
> B. Whether the trial court committed reversible error in failing to swear the jury until after the evidence had been introduced?
>
> C. Whether the trial court committed reversible error in failing to instruct the jury on its sole duty to fix the term of imprisonment upon conviction and in assuming the jury's duty to fix the penalty?
>
> D. Whether the trial court committed reversible error in violating defendant's Due Process Rights, by failing to have a mental examination perform on Golden?
>
> E. Whether the trial court committed reversible error by failing to instruct the jury of insanity instructions?
>
> F. Whether the trial court committed reversible error by not allowing defendant to testify?
>
> G. Whether the trial court committed reversible by failing to pay for defendant a investigator to assist his public defender in conducting a investigation?
>
> H. Whether defendant received ineffective assistance of counsel?[3]
>
>> 1. Counsel advised Golden that if he did not take the plea, he was not going to do anything for him.
>>
>> 2. Failed to file a motion to Court for funds to pay an investigator.
>>
>> 3. Counsel failed to file a motion for him to have a mental examination.

---

[3]The court has summarized Golden's individual claims of ineffective assistance of counsel in Ground H.

5

4. Counsel never advised him that he could testify regardless of him (counsel) telling him.

On February 20, 2008, the Mississippi Supreme Court denied Golden's application, finding as follows:

> After due consideration, the panel finds that Golden's claims regarding the motion to sever, regarding swearing the jury, and regarding instructing the jury are barred by the doctrine of res judicata. Miss Code Ann. § 99-39-21(3). The panel further finds that Golden's claims that he received constitutionally ineffective assistance of counsel are also barred. Miss. Code Ann. § 99-39-21(1), (2) and/or (3). The panel finds that Golden's claims regarding a mental examination, regarding an "insanity instruction," and regarding the hiring of an investigator are also procedurally barred. Miss. Code Ann. § 99-39-21(1). The panel further finds that Golden has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).

*See Golden v. State*, Cause No. 2008-M-00260 (order entered March 12, 2008).

Golden filed his federal petition for a writ of *habeas corpus* in this court and raised the following claims for relief (as stated by the petitioner):

**Ground One** - Petitioner received ineffective assistance of trial counsel.

   a. Trial counsel fail to file motion for change of venue.

   b. Trial counsel fail to file a motion for a mental examination for petitioner.

   c. Trial counsel fail to advise petitioner of his right to testify.

**Ground Two** - Trial court failure to give insanity instruction.

**Ground Three** - Trial court failure to give an instruction regarding not to testify.

**Ground Four** - Trial court erred in failing to make *Batson* challenges.

**Ground Five** - Trial counsel erred in failing to file a motion for change of venue.

**Ground Six** - Trial court erred in voir dire.

**Ground Seven** - Trial court erred in not granting petitioner's motion for sever.

**Ground Eight** - Trial court erred in failing to swear the jury until after the evidence had been introduced.

## Procedural Default: Grounds 1(a), 4, 5 and 6

The following claims will be dismissed under the doctrine of procedural default: Ground 1(a) and 5 (trial counsel's failure to seek a change of venue), Ground 4 (trial court's failure to uphold challenges to black jurors under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986)), Ground 6 (trial court's failure during *voir dire* to ensure that the jury selected was unbiased). These claims have never been presented to the state's highest court in a procedurally proper manner.[4] Golden has filed both a direct appeal and an application for leave to seek post-conviction relief in state court; as such, at this point he has no available avenue through which to pursue these claims in state court. When state remedies are rendered unavailable by the petitioner's procedural default, federal courts may not review those claims. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995), *Coleman v. Thompson*, 501 U.S. 722, 111 S.C. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule).

Golden has therefore defaulted his claims in Grounds 1(a), 4, 5, and 6 of the instant petition by failing to raise the issues in either his direct appeal or in his application for post-conviction relief before the state's highest court. The court is now precluded from reviewing

---

[4]Grounds 1(a) and 5 both allege that counsel was ineffective for failing to file a motion for change of venue. Golden argued on direct appeal that *counsel* was ineffective for failing to make any *Batson* challenges. However, in Ground 4 of the present petition, Golden states that he is challenging the *trial court's* action in *voir dire*, rather than attacking counsel's performance. This issue was never presented to the state court for review.

7

these claims.

No external impediment prevented Golden from raising and discussing these claims as grounds for relief in state court. As such, he cannot show cause for the default under the "cause and prejudice," and the court thus cannot review the merits of his claims. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Absent a showing of "cause," it is unnecessary for the Court to consider whether Golden has suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Golden has not argued that he is actually innocent of the crime. As such, he will not suffer a "fundamental miscarriage of justice" if his claims are not heard on the merits. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Golden cannot meet this standard in light of the testimony presented at trial and the appellate court's findings as to the evidence presented. As such, Golden's claims for relief in Grounds 1(a), 4, 5, and 6 will be dismissed as procedurally defaulted.

**Procedural Bar: Grounds 2 and 8**

In addition, the following claims will be dismissed under the doctrine of procedural bar: Ground 2 (failure of the trial court to give a jury instruction on the insanity defense) and Ground 8 (failure of the trial court to swear in the jury before the presentation of evidence). The claim in Ground 2 was raised in Golden's application for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court under MISS. CODE ANN. § 99-39-21(1). The claim in Ground 8 was raised on direct appeal and held to be procedurally barred by the Mississippi Supreme Court because Golden failed to lodge a contemporaneous objection to preserve the issue for appellate review. *Golden v. State,* 968 So. 2d at 384. These grounds are,

therefore, precluded from federal *habeas corpus* review.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The Mississippi Supreme Court found the issue Golden raises in Ground 2 to be procedurally barred under MISS. CODE ANN. § 99-39-21(1), because Golden did not raise the issues at trial and on direct appeal.[5] Section 99-39-21(1) is an independent and adequate state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Likewise, regarding Ground 8, the Mississippi state courts regularly and consistently apply the contemporaneous objection rule as a bar to appellate review. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992). The petitioner Golden "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). He has not done so; as such, his claims are barred from federal *habeas corpus* review.

---

[5] Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

Golden has shown neither cause for his default nor that he will suffer prejudice if the court does not review his claims in Grounds 2 and 8 on the merits. As such, the court may not use the "cause and prejudice test" to review the merits of these claims despite the procedural bar. Similarly, Golden has neither argued nor presented proof that he is actually innocent of the crime for which he was convicted; as such, he cannot overcome the procedural bar by arguing that a fundamental miscarriage of justice would occur if the court does not review these claims. *Fairman v. Anderson*, 188 F.3d at 644 (citing *Ward v. Cain*, 53 F.3d at 108). For these reasons, Golden's claims in Grounds 2 and 8 will be dismissed as procedurally barred.

## Claims Denied on the Merits in State Court

Finally, the following claims for relief were denied on the merits by the state courts, and the petitioner has not met the standard to overcome the presumption that the state court ruled properly: Ground 1(b) (trial counsel did not seek a mental examination of the petitioner), Ground 1(c) (trial counsel failed to inform the petitioner that he had the right to testify), Ground 3 (trial court's failure to give a jury instruction regarding petitioner's decision not to testify), and Ground 7 (trial court's failure to grant the petitioner's motion to sever the indictment). *See* 28 U.S.C. § 2254(d) and § 2254(e)(1).

The Mississippi Supreme Court has already considered Grounds 1(b), 1(c), 3 and 7 on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

> court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds 1(b), 1(c), 3 and 7 of the petitioner's

11

claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground 3: Failure of the Trial Court to Give a Jury Instruction Regarding Golden's Decision Not to Testify

In Ground 3, Golden claims that the trial court erred in failing to give an instruction regarding his right not to testify. "In examining habeas claims of improper jury instructions, the "'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'" *Galvan v. Cockrell,* 293 F.3d 760, 764-65 (5th Cir. 2002)(citing *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir.1986)). The court must decide whether the failure to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Galvan v. Cockrell,* 293 F.3d at 765 (citing *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973))

The court must not judge the challenged instruction in isolation, but in the context of the trial record and the instructions as a whole. *Hughes v. Johnson,* 191 F.3d at 627-28 (citing *McGuire,* 502 U.S. at 72, 112 S.Ct. 475). The court must presume that errors in jury instructions,

even if erroneous, are harmless error, although that presumption may be rebutted. *Galvan,* 293 F.3d at 764-65 (citing *Brecht v. Abrahamson,* 507 U.S. 619, 623-24, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). For purposes of a *habeas corpus* proceeding, "a constitutional error is not harmless if it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (citation omitted).

In the present case the trial court asked defense counsel whether he had prepared an instruction regarding Golden's decision not to testify. Defense counsel stated on the record that he did not want the instruction, which was clearly a strategic decision under the facts of this case. The state court made clear the decision was a strategic one during its discussion of Golden's claim of ineffective for failing to request such an instruction. *Golden v. State,* 968 So. 2d at 390. The trial judge discussed the matter on the record with Golden:

> **By the Court:** Okay. Mr. Golden, so that you will know. I can give an instruction that says, ladies and gentlemen of the jury, you may not hold the fact that Mr. Golden did not testify against him. I know I've said that inarguably [sic]. But, basically, it says, they can't consider the fact that you did not testify.
>
> Some people want that instruction, some do not. There's some people that believe that that instruction highlights the fact that they did not testify. Mr. Buck is of the opinion that he should not seek that instruction. Do you understand that?
>
> **By the Defendant:** Uh-huh.
>
> **By the Court:** Do you have any concerns about not getting that instruction?
>
> **By the Defendant:** No.

S.C.R., Vol. 3, pp. 296-297. Thus, the trial court did not err in failing to give the instruction; rather, the trial court deferred to the defense's request not to use the instruction. As such, the state court's decision that Golden's claim was without merit was neither contrary to nor an

13

unreasonable application of clearly established federal law.

### Ground 7: The Trial Court Erred by Denying Golden's
### Motion to Sever the Counts in the Indictment

In Ground Seven, Golden claims that the trial court erred by denying his motion to sever the two counts of rape. Multi-count indictments are permitted under state law if the crimes charged meet the requirements of MISS. CODE ANN. § 99-7-2,[6] and its identical counterpart under Rule 7.07 of the Uniform Rules of Circuit and County Court Practice. Under Mississippi law, the decision to grant a motion for severance rests within the discretion of the trial court. *Riser v. State*, 845 So.2d 720, 723 (Miss. 2003). The Mississippi Supreme Court employs an abuse of discretion standard of review regarding severance of counts of an indictment – as long as the trial court considered such factors as "the time period between the offenses, whether evidence proving each offense would be admissible to prove other counts, and whether the offenses are interwoven." *Riser*, 845 So.2d at 722, (citing *Corley v. State*, 584 So.2d 769, 772 (Miss. 1991).

"Severance is within the discretion of the trial court and is required only in cases of compelling prejudice." *Breeland v. Blackburn*, 786F.2d 1239, 1241 (5th Cir. 1986) (citing *United States v. MacIntosh*, 655 F.2d 80, 84 (5th Cir. 1981)). When reviewing the denial of a motion to sever in Golden's petition for a writ of *habeas corpus*, the simultaneous trial of more than one offense must have rendered the state trial fundamentally unfair (thus violating his right to due

---

[6]MISS. CODE ANN. § 99-7-2(1) states:

Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.

process) before he may obtain relief under 28 U.S.C.A. § 2254. *Alvarez v. Wainwright*, 607 F.2d 683, 685 (5th Cir. 2003) (quoting *Triblett v. Wainwright*, 540 F.2d 840,841 (5th Cir. 1976); *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587). "The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed by a reviewing court." *Breeland,* 786 F.2d at 1241 (citation omitted).

The trial court held a hearing in accordance with *Corley v. State, supra*. At that hearing, the prosecutor argued:

> The rapes occurred on December 31, 2004. Each count is the exact same date. The time difference between the two is approximately four to five hours, and the testimony will show that the distance between the victims' home, which were both here in West Point, in the City of West Point, was approximately one and a half miles close proximity of their homes. The entrance in to their homes, the Court will – the State will show was the same planned scheme of how to get in to the women's home. By the testimony will show is, that they knew him and what he would say to them was identical as far as entry into the home. Same gun was used as far as the forcible rape, the testimony will show that.
>
> Both incidences were investigated by the West Point Police Department. Detective Zate McGee will be the primary witness for the State. She will testify in both cases.
>
> The only different evidence other than there being two different victims, Your Honor, is in one count, which I believe is Count I, there is positive DNA; in which that victim reported immediately to the hospital on DNA was retrieved. That will be one additional witness. Count 2, the victim had taken a shower and there was no DNA for them at that point.

Supp.Vol., pp. 5-6. The trial judge then issued a detailed bench ruling ultimately denying the motion to sever. *Id.* at pp. 10-15. The trial judge discussed each of the relevant *Corley* factors as they applied to the facts of this case, finding that the time period between the two crimes was only four hours; the only additional witness would be a DNA geneticist as to Count I, and that there were many similarities in the two rapes as far as a common plan. *Id.* On appellate review,

15

the Mississippi Supreme Court discussed the issue in detail each of the three factors and the applicable facts, concluding that the trial judge did not abuse his discretion in allowing the two rapes to be tried together. *Golden,* 968 So. 2d at 382-384.

Golden has not shown any prejudice at all to meet his burden to prove that the trial court abused its discretion. Further, the record does not reveal any prejudice – or that the denial of a severance resulted in an unfair determination of his guilt or innocence. Both victims knew Golden well, and both identified Golden as their attacker at trial. Therefore, the Mississippi Supreme Court's decision finding no abuse of discretion in denying Golden's motion to sever was neither contrary to federal law; nor was it an unreasonable application of federal law to the facts in the instant case. Therefore, Golden's claims for relief in Ground 7 will be dismissed.

## Grounds 1(b) and 1(c): Ineffective Assistance of Counsel

In Grounds 1(b) and 1(c), Golden argues that trial counsel was ineffective. He claims in Ground 1(b) that counsel failed to file a motion for a mental examination; in Ground 1(c) he claims that counsel failed to advise him of his right to testify. The state court reviewed Golden's claims and found that he failed to show that counsel's actions violated a state or federal right. To prove that counsel rendered constitutionally ineffective assistance during criminal proceedings, Golden must prove that counsel's performance was deficient and that the deficiency resulted in actual prejudice to Golden's legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v.*

16

*Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Golden has not met this standard for either claim.

**Ground 1(b): Counsel's Decision Not to Request a Mental Examination of Golden**

Golden claims that counsel was ineffective for failing to request that Golden undergo a mental examination. Golden has not shown, however, that counsel had a basis on which to request a mental examination. In addition, had an examination been conducted, there there is no evidence that Golden would have benefitted from it. Indeed, the record shows that Golden interacted with the trial judge at various times during trial, responding to any questions posed to him. The court can discern no basis upon which the trial court could have found that such an exam was warranted.

Golden claims that he cannot remember either of the rapes for which he was convicted – and that he told his attorney of his lack of recall. Golden argues that his attorney should have sought a mental examination for Golden upon hearing about the memory loss. Trial counsel provides deficient performance if he fails to investigate a defendant's medical history when counsel has reason to believe that the defendant suffers from mental illness. *Bouchillon v. Collins*, 907 F.2d 589, 597 (5th Cir. 1990). Golden, however, had a long history of alcohol and

17

drug abuse (as the trial judge noted during sentencing); as such, the memory loss could well have been the result of alcohol or drug use, rather than mental illness. In addition, Golden communicated with his attorney and the trial judge during the course of the trial and clearly participated in the decisions regarding the direction of his case. From all appearances, Golden was competent to stand trial because he had "the capacity to participate in his defense and understand the proceedings against him." *Medina v. California*, 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Golden has made no showing that he had a history of mental illness. In short, Golden has provided no basis for his attorney to have requested a mental examination. Finally, Golden has not established prejudice to his legal position because he has not shown (through medical or psychiatric records – or through any other means) that a mental examination would have changed the outcome of the trial.

As such, counsel cannot be deemed ineffective for failing to pursue a motion requesting a mental examination of Golden. *See, e.g., Carter v. Johnson,* 110 F. 3d 1098, 1110-1111 (5th Cir. 1997) (where defendant found competent to stand trial, counsel not ineffective for failure to contest defendant's competency to stand trial). Therefore, the Mississippi Supreme Court's ruling that trial counsel was not ineffective under the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law. As such, Golden's claims in this ground for relief will be denied.

**Ground 1(c): Trial Court's Failure to Advise Golden of His Right to Testify**

Golden argues that counsel failed to advise him of his right to testify. The record belies this claim. When asked by the trial judge if he understood his constitutional right to testify, Golden stated that he understood that right and had thought about his decision before he

announced it to the court. S.C.R., Vol. 3, pp. 275-276. Therefore, it appears that Golden's counsel advised him of his right to testify. Further, if counsel had not fully explained that right, the trial court did so:

> **By the Court:** You also have the absolutely constitutional right not to testify. The choice is yours. It's not Mr. Buck's. It's not Ms. Faver's. It's not mine. And it's not your family. It's yours and yours alone. You will have to make that decision whether you wish to testify or not. If you do, you've got that right. If you don't want to testify, you also have the right to have an instruction that I can read to the jury, during the jury instruction, that says they cannot hold your silence again you. You understand all of that?
>
> **By the Defendant:** (The defendant nods his head.).
>
> **By the Court:** All right. Have you thought about whether you're going to testify or not?
>
> **By the Defendant:** Yes, sir.
>
> **By the Court:** Have you made a decision whether you're going to testify.
>
> **By the Defendant:** Yes, I have.
>
> **By the Court:** And what is that decision. Do you know?
>
> **By the Defendant:** I wasn't going to testify.
>
> **By the Court:** Okay. I just wanted to make sure you understood that right. And you've got that right. Thank you, Mr. Golden.

S.C.R., Vol. 3, p.275–276. The trial court advised Golden of his constitutional right to testify. As such, Golden has proved neither deficiency nor prejudice in counsel's performance. Therefore, the Mississippi Supreme Court's holding that trial counsel provided constitutionally representation was neither contrary to nor an unreasonable application of clearly established federal law, and *habeas corpus* review of this claim will be denied.

In sum, none of Golden's grounds for relief has merit, and all grounds will be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of April, 2010.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**